76274. DILWORTH v. BOECKLER.
(370 SE2d 17)

BENHAM, Judge.

Appellee sued appellant for damages suffered in an automobile collision resulting from appellant's failure to stop at a red light. The evidence showed that appellee was arrested at the scene of the collision for DUI, spent a substantial length of time shackled to a stretcher waiting for medical attention, and was required to undergo suturing of facial cuts with only local anesthesia, resulting in considerable pain. The parties agree that appellee's arrest was without foundation. Appellant put on no evidence at trial, resting when appellee did. At that point, appellee moved for a directed verdict on "liability," which the trial court granted, reserving the issue of damages for jury consideration. During the subsequent charge conference, the trial court refused to give appellant's requested charges on proximate cause and intervening cause. Arguing that there was evidence that appellant, even though she negligently caused the collision, may not have caused all of appellee's pain and suffering, appellant's sole enumeration of error is the refusal to give the requested charges on proximate cause and intervening cause.

We must agree with appellee that both negligence and causation were necessarily included in the trial court's grant of a directed verdict. "It is basic in our law that no liability attaches unless the negligence alleged is the proximate cause of the injury sustained." *Cline v. Kehs*, 146 Ga. App. 350 (6) (246 SE2d 329) (1978). It is important to note that the directed verdict did not cover just negligence; appellee asked for and was granted a directed verdict on "liability." It is equally important in this case to note that the validity of the directed verdict has not been questioned on appeal.

Since the directed verdict included a finding that appellant was negligent and that her negligence caused all the injury alleged by appellee, all that was left for the jury to do was to decide the amount of the damages for which appellant was liable. To accomplish that task, the jury had no need for instructions dealing with causation. We find no error, therefore, in the trial court's refusal to give appellant's requested charges on proximate cause and intervening cause.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 25, 1988.

*Russell D. Waldon,* for appellant.
*Robert A. Barnaby II,* for appellee.