A90A1212. CLEMENTS v. BARNES et al.
(397 SE2d 560)

BANKE, Presiding Judge.

The appellees sued the appellant to recover damages for certain alleged defects in a residence the latter had constructed and sold to them. The case was tried before a jury, which awarded the appellees damages in the amount of $3,360 and attorney fees in the amount of $1,120. This appeal followed.

During their first year of occupancy after purchasing the home, the appellees became aware of separation and cracking in the brickwork surrounding a bay window, cracks in the dining room ceiling, water leaks in the shower and bathroom, and an accumulation of rain water under the building. During the next several months, they repeatedly notified the appellant of the defects, both orally and in writing, and requested that they be corrected. The appellant acknowledged that the appellees' complaints had been communicated to him and that he had not responded to them until after being served with the present lawsuit. He further acknowledged that, in accordance with the custom and practice of the building industry, he had war-

ranted to repair any defects in the construction for a one-year period. The appellees ultimately expended approximately $3,000 to have the necessary repairs made. One of the contractors hired by them for this purpose testified during the trial that the cracks in the structure had resulted from the appellant's failure to install concrete footings in front of the bay window. He stated that to correct the defects, he had to tear out and replace the bricks around the bay window, install concrete footings, waterproof and install concrete pillars under the house, and repair and shore-up portions of the interior structure. *Held*:

1. "[A] builder expressly or impliedly promises that he has built the house in a fit and workmanlike manner. Thus, the law imposes upon the professional builder and others performing skilled services the obligation to exercise a reasonable degree of care, skill and ability, which certainly can be shown as that degree of care and skill which, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession. [Cit.]" *Williams v. Runion*, 173 Ga. App. 54, 57 (325 SE2d 441) (1984). See also *Shaw v. Petersen*, 180 Ga. App. 823, 824 (350 SE2d 831) (1986). The evidence in the present case was sufficient to establish a prima facie case that the appellant had failed to meet this standard of care and skill in constructing the house. Accordingly, the trial court did not err in denying his motion for a directed verdict on the issue of liability.

2. The trial court similarly did not err in denying the appellant's motion for a directed verdict with respect to the appellees' claim for attorney fees pursuant to OCGA § 13-6-11. "Where no defense exists, as in this case, forcing a plaintiff to resort to the courts in order to collect is plainly causing him 'unnecessary trouble and expense.' [Cits.]" *Sawgrass Bldrs. v. Realty Cooperative*, 172 Ga. App. 324, 326 (323 SE2d 243) (1984).

3. The appellant contends that the trial court erred in its charge to the jury concerning the proper method of calculating damages. "Generally, the proper measure of damages for defective workmanship would be the cost of repair of the defect." *Adamson Co. v. Owens-Ill. Dev. Corp.*, 168 Ga. App. 654, 657 (309 SE2d 913) (1983). In this context the trial court's charge that the proper measure of damages would be "the cost of restoration [of] the condition . . ." did not constitute reversible error.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED OCTOBER 1, 1990.

*Stephen N. Hollomon*, for appellant.

*Arthur L. Phillips*, for appellees.