A00A0028. CAMPBELL v. MOODY et al.
(529 SE2d 923)

McMURRAY, Presiding Judge.

On October 9, 1997, following this Court's decision in *Dunlap v. Moody*, 224 Ga. App. 38 (479 SE2d 456), appellee-petitioners Cleve-

---

land L. Moody and Alice Stapleton filed a petition for declaration of heirs in the Superior Court of Ware County as to the estate of Charles Etta Scott ("the decedent") who died without a will, leaving a substantial estate. Though counsel for appellant-respondent Zella Campbell acknowledged service of the petition as attorney for the respondent Campbell, counsel styled Campbell's answer thereto as "William C. Dunlap's Response to Petition for Declaration of Heirs" and signed the answer as "Attorney for William C. Dunlap." On April 26, 1999, respondent's counsel moved to amend respondent Campbell's answer seeking to substitute respondent Campbell's name for that of William C. Dunlap. On May 3, 1999, respondent Campbell's counsel filed motions seeking to open default and to add the respondent Campbell as a party. At the hearing on the case the following day, respondent Campbell's counsel sought only a hearing on his motion to open default.[1] Upon such hearing, the superior court executed its judgment, implicitly[2] denying respondent's motion to open default, finding that: (1) the "[respondent Campbell] did not timely file an answer[,]" and (2) citing *Dunlap v. Moody*, 224 Ga. App. 38, supra, "William C. Dunlap has no standing in this case." The superior court further found that the petitioners had "compromised the dispute between themselves concerning the disposition of the assets of the estate of [the decedent] without the intervention of a Court" and declared petitioner Moody to be the decedent's sole heir, ordering Moody to comply with the terms of the agreement reached with petitioner Stapleton. Respondent Campbell appeals contending that (1) the superior court erred in denying her motion to open default for failure to allow her an opportunity to be heard, arguing the case sub judice to be one ex delicto under OCGA § 9-11-55 (a), and (2) the superior court erred in ruling instanter that respondent Campbell was in default. *Held*:

1. Pretermitting respondent Campbell's claim that the instant case is one ex delicto, the record reflects that the superior court afforded respondent such a hearing. Even if the superior court had not done so, the record shows not the payment of costs under oath, but an offer under oath to pay costs "[i]f the court determines that

---

[1] Respondent's counsel did so upon the following colloquy with the superior court:

[RESPONDENT CAMPBELL'S COUNSEL]: Now that's, I've filed these other motions and if the court, we'll I'm just asking the court to set it down and let us have a hearing on the issue of default before you put us in that status, that's a real change in circumstances, a real prejudice on the you know.

COURT: Well I understand, I'm going to look at it and see. I'll issue, I'll either issue one before the day's over or I'll have another hearing, we'll have a hearing on the —

[RESPONDENT CAMPBELL'S COUNSEL]: I just ask you to read my brief.

[2] On May 6, 1999, four days before the superior court filed its judgment in the case sub judice, respondent filed a traverse of certificate, opposing a certificate filed by petitioners which sought default judgment.

Respondent is in default. . . ." The payment of costs is a mandatory condition precedent to opening default. *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 774 (1) (503 SE2d 649). Consequently, under the facts and circumstances of the case sub judice, conducting a hearing upon respondent Campbell's motion to open default is here immaterial in that the superior court was without authority to open default with or without a hearing thereon. Moreover, where, as in the case sub judice, the caption of the disputed answer and the signature block of respondent Campbell's counsel demonstrate that the answer is not filed on respondent Campbell's behalf and there is nothing to the contrary in the body of the pleading or otherwise of record,[3] it cannot reasonably be interpreted as being the answer of other than the named party. *McCombs v. Southern Regional Med. Center*, 233 Ga. App. 676, 681 (2) (504 SE2d 747). " 'Liberal construction of a pleading does not encompass the imputation or engrafting to a claim of a meaning not reasonably deductible or inferable from the explicit language of the pleading.' [Cit.]" Id. Accordingly, the superior court properly denied the instant motion to open default.

2. In light of our disposition of Division 1, we need not address respondent's remaining claim of error.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 22, 2000 —
RECONSIDERATION DENIED MARCH 9, 2000 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*E. Kontz Bennett, Jr.*, for appellant.
*Gibson & Spivey, Douglas L. Gibson, Willis H. Blacknall III*, for appellees.

---

[3] At the hearing on petitioners' motion for declaration of heirs, respondent stated "we're in default because of a misnomer in the [answer] that I filed before I got sick." However, by his brief on appeal, respondent's counsel, though indicating he continued to practice law while ill, argued "[he] was reduced to tears and/or anger, on numerous occasions, including November 7, 1997, when I filed the answer which is the subject of this litigation." "[U]nsupported assertions of fact in appellate briefs will not be considered by this court on appeal. See, e.g., *Davis v. Gamble*, 151 Ga. App. 155 (259 SE2d 159) (1979)." *Joyner v. Schiess*, 236 Ga. App. 316, 318, n. 1 (512 SE2d 62).