A02A0882. FRESH FLOORS, INC. v. FORREST CAMBRIDGE APARTMENTS, LLC.
(570 SE2d 590)

JOHNSON, Presiding Judge.

This appeal is from the trial court's denial of the plaintiff's motion for attorney fees following the entry of a default judgment in the plaintiff's favor.

Fresh Floors, Inc. sued Forrest Cambridge Apartments, LLC after Forrest Cambridge failed to pay for flooring supplied and installed by Fresh Floors. In its verified complaint and motion for attorney fees, Fresh Floors alleged that Forrest Cambridge: purchased goods and services from Fresh Floors; incurred a debt of $17,496; had no dispute regarding the debt, goods, or services; refused to pay the debt; caused Fresh Floors unnecessary trouble and expense by refusing to pay; and acted in bad faith in accordance with OCGA § 13-6-11. Fresh Floors attached a document to the complaint showing charges to Forrest Cambridge's account.

Forrest Cambridge failed to answer the complaint, and Fresh Floors moved for a default judgment and attorney fees. Forrest Cambridge responded to the motion, claiming it had not been properly served with process, Fresh Floors had not attached documents necessary to prove its case, and attorney fees were not recoverable because Forrest Cambridge did not act in bad faith, was not stubbornly litig-

ious, and did not cause unnecessary trouble and expense. After a hearing, the trial court granted Fresh Floors' motion for default judgment, but denied its request for attorney fees, finding that Forrest Cambridge had not acted in bad faith, was not stubbornly litigious, and did not cause unnecessary trouble and expense. Fresh Floors appeals from the denial of its motion for attorney fees. We reverse the trial court's judgment as to attorney fees.

Expenses of litigation generally are not allowed as a part of damages; but where the plaintiff has specially pleaded and prayed for them, and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, litigation expenses may be allowed.[1] A mere refusal to pay a just debt, standing alone, is insufficient to support an award of attorney fees under OCGA § 13-6-11.[2] But such a refusal may be sufficient when it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive.[3] We have previously upheld awards pursuant to OCGA § 13-6-11 which arose out of the defendant's actions in breaching the contract, where the refusal to pay a debt was not made in good faith but was an attempt to defeat the clear intent of the contract.[4] Where no defense exists, a defendant who forces a plaintiff to resort to the courts in order to collect a debt is plainly causing him "unnecessary trouble and expense."[5]

In this case, Fresh Floors alleged that Forrest Cambridge owed the money, did not pay, and did not dispute the validity of the debt, and that Forrest Cambridge acted in bad faith and caused unnecessary expense by making it resort to litigation to recover the payments due on the account. Forrest Cambridge has not argued that it does not owe the money, only that it was not properly served with the suit, that Fresh Floors did not attach the proper evidence to its complaint, and that it does not owe attorney fees. The first two arguments concern issues arising after the suit was filed. But the element of bad faith that will support a claim for litigation expenses under OCGA § 13-6-11 must relate to the acts in the transaction itself prior to the litigation, not to the conduct during or motive with which a party proceeds in the litigation.[6] And statutory recovery for causing

[1] OCGA § 13-6-11; *Sylar v. Hodges*, 250 Ga. App. 42, 43, n. 1 (550 SE2d 438) (2001).
[2] *Bryan v. Brown Childs Realty Co.*, 252 Ga. App. 502, 507-508 (3) (556 SE2d 554) (2001).
[3] Id.
[4] Id.; *Ishak v. Lanier Contractors Supply*, 254 Ga. App. 237, 238 (2) (561 SE2d 883) (2002) ("bad faith" fee award authorized where defendant discontinued all payments for materials, when some payment was indisputably due).
[5] *Clements v. Barnes*, 197 Ga. App. 120, 121 (2) (397 SE2d 560) (1990); *Rogers v. Ga. Ports Auth.*, 183 Ga. App. 325, 329 (3) (358 SE2d 855) (1987).
[6] *David G. Brown, P.E. v. Kent*, 274 Ga. 849, 850 (561 SE2d 89) (2002).

unnecessary trouble and expense is authorized if there exists no bona fide controversy or dispute regarding liability for the underlying cause of action.[7] Thus, Forrest Cambridge's arguments regarding issues arising after suit was filed are of no avail. Forrest Cambridge's contention as to the impropriety of an attorney fee award is similarly without merit.

Here, there was no bona fide controversy, and Forrest Cambridge caused Fresh Floors unnecessary trouble and expense by forcing Fresh Floors to resort to litigation to collect the undisputed debt.[8] The fact that judgment was entered by default does not make an award of attorney fees improper.[9]

Moreover, when a case is in default, the plaintiff is entitled to judgment "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence."[10] In its complaint and motion for attorney fees, Fresh Floors alleged that Forrest Cambridge incurred the debt, did not dispute the validity of the debt, refused to pay despite numerous demands, caused Fresh Floors unnecessary trouble and expense by refusing to pay the debt, and acted in bad faith. By failing to respond to the allegations, Forrest Cambridge admitted the facts alleged in the complaint and waived any defenses thereto.[11] The trial court erred in denying Fresh Floors' motion for attorney fees.

We therefore reverse the trial court's ruling that Forrest Cambridge is not required to pay attorney fees. And we remand the case with direction that the trial court determine the amount of those fees and then enter an award in that amount.

*Judgment reversed and case remanded. Blackburn, C. J., and Miller, J., concur.*

DECIDED AUGUST 12, 2002 —
RECONSIDERATION DENIED SEPTEMBER 5, 2002 —

*Isenberg & Hewitt, Harriet C. Isenberg*, for appellant.
*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellee.

---

[7] Id.

[8] See *Clements*, supra.

[9] *Harbor Light Marina v. Ellis*, 190 Ga. App. 389, 390 (3) (378 SE2d 746) (1989), overruled in part on other grounds, *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

[10] OCGA § 9-11-55 (a); see *ServiceMaster Co. v. Martin*, 252 Ga. App. 751, 752 (1) (556 SE2d 517) (2001).

[11] See *Harvey v. Lindsey*, 251 Ga. App. 387, 392 (3) (554 SE2d 523) (2001).