A04A0150. HOPE ELECTRIC ENTERPRISES, INC.
v. PROFORCE STAFFING, INC.
(601 SE2d 723)

MILLER, Judge.

Hope Electric Enterprises, Inc. (Hope Electric) appeals from the trial court's order awarding damages and attorney fees to Proforce Staffing, Inc. (Proforce). Hope Electric contends on appeal that the trial court erred in (1) refusing to set aside the default judgment against it, (2) ruling that, in light of the default judgment, Hope Electric could not present evidence at the damages hearing that it did not owe certain money to Proforce, and (3) awarding attorney fees to Proforce. We discern no error and affirm.

The relevant facts of record reveal that on November 14, 2001, Proforce sued Hope Electric for breach of contract, quantum meruit, to foreclose on a materialmen's lien, and attorney fees. Although a sheriff's entry of service indicated that Hope Electric's registered agent was served with the summons and complaint on December 12, 2001, Hope Electric failed to file an answer. Proforce moved for a default judgment on January 29, 2002, and the trial court entered such a judgment against Hope Electric on February 14, 2002.

Hope Electric moved to set aside the default judgment and submitted affidavits in which Hope Electric's registered agent and a Hope Electric employee claimed that the registered agent was never served with the summons and complaint. The trial court concluded that the defendant's evidence was insufficient to overcome the proof of service in the case and refused to set aside the default judgment.

The court then scheduled a hearing on default damages, and at the hearing Hope Electric attempted to introduce evidence to dispute

---

[7] *Collins v. State*, 253 Ga. App. 899, 900 (1) (560 SE2d 767) (2002).

a "recruitment fee" that Proforce contended Hope Electric owed under its contract with Proforce. The court refused to take any evidence on the recruitment fee issue, holding that, because the fee was implicated in Proforce's complaint, and Hope Electric had already admitted to the material allegations of the complaint through its default, Hope Electric would have to pay the fee. The court ultimately awarded Proforce damages of over $17,000 plus interest (based on unpaid invoices and other evidence) and further ruled in favor of Proforce on its claim for attorney fees. Hope Electric appeals.

1. Hope Electric argues that the trial court erred in refusing to set aside the default judgment. We disagree.

"This court will not interfere with the judgment of the trial court on a motion to set aside a [default] judgment for lack of personal jurisdiction if there is any evidence to support it." (Citation omitted.) *Adair Realty Co. v. Parish*, 192 Ga. App. 681 (385 SE2d 770) (1989). Furthermore, a sheriff's return of service "is of itself evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citation and punctuation omitted.) Id.

Here, the trial court considered the sheriff's entry of service and the affidavits from Hope Electric that disputed that any service occurred, and concluded that Hope Electric was properly served. Since there was some evidence from which the trial judge could conclude that Hope Electric was properly served, we find no abuse of discretion in the trial court's refusal to set aside the default judgment. See *Bullard v. C & S Nat. Bank of East Point*, 167 Ga. App. 47 (306 SE2d 51) (1983).

2. Hope Electric contends that the trial court erred in concluding that it could not challenge the payment of a "recruitment fee" referenced in the contract between Hope Electric and Proforce (because the fee was not specifically referenced in the complaint and therefore could not have been connected to Hope Electric's admissions relating to the default judgment). We disagree.

A defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery. Even so . . . the default operates to admit only the well-pleaded allegations of the complaint and the fair inferences and conclusions of fact to be drawn therefrom. Thus, [the defendant] is not precluded by operation of the default

from showing that no claim existed which could allow [the plaintiff] to recover.

(Footnote and punctuation omitted.) *Smith v. Local Union No. 1863*, 260 Ga. App. 683, 684 (1) (580 SE2d 566) (2003).

Here, the complaint specifically references the contract that contains the requirement for Hope Electric to pay the recruitment fee. The complaint further references the numerous requests and demands that Proforce made to Hope Electric in its attempts to collect $17,508.22 in unpaid bills under the contract. These allegations were sufficient to state a cause of action for breach of contract and raise the inference that the recruitment fee was included in Hope Electric's debt to Proforce. See OCGA § 9-11-8 (a) (2). The allegations were admitted by Hope Electric through its default, and the trial court therefore properly concluded that Hope Electric admitted to liability with respect to the payment of the recruitment fee under the contract. Cf. *Azarat Marketing Group v. Dept. of Administrative Affairs*, 245 Ga. App. 256, 257-258 (1) (b) (537 SE2d 99) (2000).

3. Hope Electric urges that the trial court erred in awarding attorney fees to Proforce pursuant to OCGA § 13-6-11. We disagree.

This Court will uphold an award of attorney fees under OCGA § 13-6-11 if there is any evidence to support the award. *City of Warner Robins v. Holt*, 220 Ga. App. 794, 796 (1) (c) (470 SE2d 238) (1996). Since there was at least some evidence in this case to support the court's finding that an award was warranted here, we must uphold the award on appeal. See id.

Based on the default in the instant case, Hope Electric admitted that it

incurred the debt, did not dispute the validity of the debt, refused to pay despite numerous demands, caused [Proforce] unnecessary trouble and expense by refusing to pay the debt, and acted in bad faith. By failing to respond to the allegations, [Hope Electric] admitted the facts alleged in the complaint and waived any defenses thereto.

(Footnote omitted.) *Fresh Floors v. Forrest Cambridge Apartments*, 257 Ga. App. 270, 272 (570 SE2d 590) (2002). By forcing Proforce to resort to litigation in order to collect the debt plainly owed under the contract, Hope Electric has caused Proforce unnecessary trouble and expense, and the trial court did not err in awarding Proforce attorney fees under OCGA § 13-6-11. See *Fresh Floors*, supra, 257 Ga. App. at 270; see also *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 686 (285 SE2d 58) (1981).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 15, 2004 —
RECONSIDERATION DENIED JULY 2, 2004.

*Vaughn, Wright & Stearns, Frederick L. Wright II, Fredric W. Stearns*, for appellant.
*Alston & Bird, Deborah Cazan, Jonathan D. Crumly*, for appellee.