A05A1546. ALDWORTH COMPANY, INC. v. ENGLAND et al.
A05A1547. KEYSTONE FREIGHT CORPORATION v. ENGLAND
et al.

(648 SE2d 198)

MILLER, Judge.

This is the second appearance before this Court of these appeals, which arose out of a road rage incident. On August 30, 1999, Rickey Anthony Barron, a tractor-trailer driver supplied to Keystone Freight Corporation ("Keystone") by Aldworth Company, Inc. ("Aldworth"), twice attempted to pull in front of a car driven by Sandra Dianne England. Barron pursued Mrs. England's car into a gas station parking lot, where he assaulted her. Mrs. England and her husband filed a lawsuit against Barron, Keystone, and Aldworth. Barron and Aldworth failed to answer, and a default judgment was later entered against them.[1] At trial, a jury found that Barron had been acting within the scope of his employment "at the time of the altercation" with Mrs. England, and it awarded $750,000 in compensatory damages against all of the defendants and $1,000,000 in punitive damages against both Aldworth and Keystone.

Aldworth moved to set aside the default judgment, and both Aldworth and Keystone moved for a new trial and for judgment notwithstanding the verdict. The trial court denied such post-trial motions, and these appeals followed.

---

[1] Barron failed to appear in the case at trial, and he is not a party to this appeal.

In *Aldworth Co. v. England*, 276 Ga. App. 31 (622 SE2d 367) (2005), we affirmed the trial court's denials of each of the post-trial motions filed by Aldworth and Keystone. The Supreme Court of Georgia granted certiorari, and in *Aldworth Co. v. England*, 281 Ga. 197 (637 SE2d 198) (2006), it affirmed in part, reversed in part, and remanded with direction that we "review the sufficiency of the evidence under the 'any evidence' standard of review [(*Maddox v. Maddox*, 278 Ga. 606, 607 (1) (604 SE2d 784) (2004))] to determine if Aldworth and Keystone were entitled to a new trial." (Footnote omitted.) Id. at 201 (2).

A review of the record reveals evidence to support the awards of both compensatory and limited punitive damages against both Aldworth and Keystone. The Englands failed, however, to present any evidence that Aldworth or Keystone "acted, or failed to act, with the specific intent to cause harm," which is required by OCGA § 51-12-5.1 (f) to support punitive damages in excess of $250,000. As a result, we affirm the trial court's denial of Aldworth and Keystone's motions for new trial as to the Englands' claims for compensatory and limited punitive damages; we reverse the trial court's denial of such motions as to the award of punitive damages in excess of the $250,000 maximum imposed by OCGA § 51-12-5.1; and we remand to the trial court for a jury trial on the sole issue of whether Aldworth and/or Keystone acted or failed to act with the specific intent to cause harm to the Englands and, if so, to determine the amount of punitive damages, if any, to be awarded to the Englands in excess of the $250,000 maximum imposed by statute.

1. We first review the motions for new trial as to the jury's award of compensatory damages. As we stated in *Aldworth*, 276 Ga. App. at 34 (2), "we will not disturb a trial court's denial of a motion for new trial . . . if there was any evidence to support the jury's verdict. [Cits.]"

> Here, Aldworth has defaulted on the merits, including the factual questions (1) whether Aldworth knew that Barron was incompetent to drive the truck, (2) whether Aldworth showed conscious indifference to the consequences of allowing Barron to drive, (3) whether Barron was acting within the scope of his employment when he assaulted Mrs. England, and (4) whether Mrs. England suffered severe emotional distress as a result of the attack. These factual admissions provide ample evidence to support the conclusion of law reached in the Englands' complaint — that is, that Aldworth's negligence was the proximate cause of their injuries, including their pain and suffering. See *Hope Electric Enterprises v. Proforce Staffing*, 268 Ga. App. 302, 303-304 (2) (601 SE2d 723) (2004) (default operates to admit

the well-pled allegations of complaint and the fair inferences and conclusions . . . to be drawn therefrom).

Id. at 34-35 (2).

While Keystone argues that there is no evidence that Barron was acting within the scope of his employment when he exited his vehicle and assaulted Mrs. England, it failed to request a special verdict form requiring the jury to specify whether the damages it awarded were related to Barron's actions in twice attempting to pull his tractor-trailer in front of Mrs. England's car or in assaulting Mrs. England at the gas station.[2]

Pretermitting whether Barron was acting within the scope of his employment after he got out of his vehicle at the gas station, there is sufficient evidence to uphold the jury's verdict based on Barron's actions on the road. The Englands, who were riding in a two-seater Mazda RX-7, were first threatened by Barron when he attempted to merge his tractor-trailer into their lane, almost pushing the Englands off the road. Mrs. England testified that she was frightened because the tractor-trailer "could have squashed us in a matter of seconds." After an exchange of angry hand gestures, Barron again attempted to merge into the Englands' lane, forcing them to escape by accelerating and scraping their wheels along the curb.

This evidence was sufficient to support a finding that Keystone, by virtue of Barron's actions within the scope of his employment, was the proximate cause of injuries to the Englands, including their pain and suffering. See *Aldworth,* supra, 276 Ga. App. at 38 (4) (since (i) the jury was authorized to find that Barron was acting within the scope of his employment "*at some point between* the time he first crossed into the Englands' lane and the time he left the gas station[,]" and (ii) "there was . . . *some evidence* to support the jury's verdict that Barron was acting within the scope of his employment during the *entire* altercation with the Englands, we must deny Keystone's motion for new trial") (emphasis in original and supplied).

Given that there was evidence to support the Englands' claims for compensatory damages against both Aldworth and Keystone, we affirm the trial court's denial of their motions for new trial as to such damages.

2. Aldworth and Keystone also claim that no evidence supported the jury's award of punitive damages. As discussed below, we hold that evidence supported a finding that Aldworth and Keystone showed conscious indifference to the consequences of their actions, and that

---

[2] Keystone does not deny that Barron was acting within the scope of his employment at the time that he was driving his vehicle.

limited punitive damages were therefore authorized pursuant to OCGA § 51-12-5.1 (b). We also hold, however, that the Englands failed to present any evidence that Aldworth or Keystone "acted, or failed to act, with the specific intent to cause harm." OCGA § 51-12-5.1 (f). As a result, the trial court erred in denying the motions for new trial as to the awards of punitive damages over the $250,000 maximum imposed by OCGA § 51-12-5.1 (g).

(a) OCGA § 51-12-5.1 (b) provides that punitive damages may be awarded in tort actions "in which it is proven by clear and convincing evidence that the defendant's actions showed . . . that entire want of care which would raise the presumption of conscious indifference to consequences."

Aldworth's default allowed the jury to find that Aldworth, as alleged in the Englands' complaint, showed a conscious indifference to the consequences of its failure to exercise ordinary care in hiring Barron and in retaining Barron after it gained knowledge of his incompetence. See *Hope Electric*, supra, 268 Ga. App. at 303-304 (2). Such a finding supports the jury's award of limited punitive damages against Aldworth. See *TGM Ashley Lakes v. Jennings*, 264 Ga. App. 456, 465 (4) (590 SE2d 807) (2003) (affirming limited punitive damages against employer for acts committed by employee).

Similarly, the Englands presented evidence at trial to show that (i) Keystone failed to follow federal regulations requiring it to obtain a three-year address history for Barron; (ii) Keystone knew Barron had been fired from his previous job following an accident, which Barron had failed to report on his job application; (iii) Keystone knew Barron had failed to disclose numerous driving citations on such application; and (iv) Keystone, despite its own internal operating procedures, had not investigated any of these infractions. This evidence met the "clear and convincing" standard of OCGA § 51-12-5.1 (b) and was sufficient for the jury to find that Keystone had demonstrated "that entire want of care which would raise the presumption of conscious indifference to consequences" of its actions and support an award of limited punitive damages. See *TGM Ashley Lakes*, supra, 264 Ga. App. at 465 (4).

(b) Aldworth and Keystone also claim that there was no evidence to support the jury's award of punitive damages against them in excess of the $250,000 maximum imposed by OCGA § 51-12-5.1 (g). We agree.

OCGA § 51-12-5.1 (f) provides that:

In a tort case in which the cause of action does not arise from product liability, if it is found that the defendant acted, or failed to act, with the specific intent to cause harm, . . . there shall be no limitation regarding the amount which may be

awarded as punitive damages against an active tort-feasor but such damages shall not be the liability of any defendant other than an active tort-feasor.

Where specific intent to cause harm is not shown and the case does not arise from product liability, OCGA § 51-12-5.1 (g) provides that "the amount [of punitive damages] which may be awarded in the case shall be limited to a maximum of $250,000.00."

Here, the Englands concede that their complaint did not allege that Aldworth acted with the specific intent to cause harm. As a result, Aldworth's default judgment did not allow the jury to find, without additional evidence, that Aldworth had acted with the specific intent necessary to support punitive damages in excess of $250,000. See, e.g., *Hope Electric*, supra, 268 Ga. App. at 303-304 (2).

The Englands claim, however, that evidence presented at trial showing that Aldworth and Keystone were negligent in their hiring of Barron and that they displayed a conscious indifference as to the results of their actions was also sufficient to support a finding of specific intent to harm. We disagree.

This court has previously established that a finding of mere negligence is not sufficient to establish a specific intent to cause harm. See *Bonard v. Lowe's Home Centers*, 224 Ga. App. 85, 86 (1) (479 SE2d 784) (1996). Similarly, because the appreciation of a risk, short of a substantial certainty, is not the equivalent of intent, we have also found that specific intent to cause harm is not established by a showing of conscious indifference. See *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 805 (4) (418 SE2d 604) (1992).

Given that the Englands failed to come forward with any evidence during trial to show that Aldworth and Keystone acted with the specific intent to cause harm, the trial court erred in denying their motions for new trial as to the jury's award of punitive damages in excess of the maximum provided by OCGA § 51-12-5.1 (g). We therefore remand this case to the trial court with instructions to provide for a jury trial on the sole issue of whether Aldworth and/or Keystone acted or failed to act with the specific intent to cause harm to the Englands and, if so, to determine the amount of punitive damages, if any, to be awarded to the Englands in excess of the $250,000 maximum imposed by statute.

*Judgment affirmed in part, reversed in part and case remanded with direction. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 20, 2007.

*Mozley, Finlayson & Loggins, Carroll G. Jester, Jr., Marvin A. Riddle,* for appellant (case no. A05A1546).

*Goodman, McGuffey, Lindsey & Johnson, Samantha R. Johnson, Robert M. Darroch*, for appellant (case no. A05A1547).

*Kam, Ebersbach & Lewis, Randy J. Ebersbach, Stone & Boehm, Earnest H. Stone, Carlock, Copeland, Semler & Stair, Wayne D. McGrew III*, for appellees.