A08A0139. AUSTIN v. AUSTIN.
(664 SE2d 780)

SMITH, Presiding Judge.

In this case, the following circumstances exist and are dispositive of the appeal:

(1) The evidence supports the judgment;

(2) No reversible error of law appears and a full opinion would have no precedential value;

(3) The judgment of the court below adequately explains the decision; and

(4) The issues are controlled adversely to the appellant for the reasons and authority given in the appellee's brief.

The judgment of the court below therefore is affirmed in accordance with Court of Appeals Rule 36. In addition, because this appeal is wholly without merit and appears to have been interposed purely for purposes of delay, we grant appellee's motion for imposition of a frivolous appeal penalty pursuant to OCGA § 5-6-6, and the trial court is directed to enter judgment in favor of Catherine Austin for frivolous appeal damages in the amount of ten percent of the judgment awarded. *Shamsai v. Coordinated Properties,* 259 Ga. App. 438, 439-440 (2) (576 SE2d 901) (2003).

The trial court repeatedly noted at several hearings below, with both appellant and his counsel present, that appellant's contentions had no merit and that he was running a serious risk of incurring penalties and attorney fees. The trial court warned that appellant

needs to understand real seriously that he's exposed to big money damages here, and he's exposed to attorney's fees,

---

and he's exposed to some serious damages to the property interest. So . . . having said that, be warned. Don't come in here and start saying I didn't know. . . .

As we observed in a remarkably similar situation in *Pitts Properties v. Auburn Bank*, 274 Ga. App. 538, 538-539 (618 SE2d 171) (2005), appellant "ignored the trial court's fully justified warning and prosecuted this wholly frivolous appeal." Here, appellant and his counsel not only ignored the trial court's repeated warnings, but in his brief on appeal appellant makes for the first time wholly unsupported allegations of corruption on the part of the trial court.

We therefore also assess frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b), in the amount of $1,500 against appellant and $1,500 against his appellate counsel. Upon return of the remittitur, the trial court is directed to enter a $3,000 judgment in favor of Catherine Austin in the form of a $1,500 penalty against Richard Austin, and a $1,500 penalty against his appellate counsel.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 27, 2008.

*Richard A. Hunt*, for appellant.
*Adorno & Yoss, Adriana R. Midence, Cary Ichter*, for appellee.

