**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 20, 2012**

# In the Court of Appeals of Georgia

A12A0966. FREESE II, INC. v. MITCHELL et al.

BOGGS, Judge.

Freese II, Inc., d/b/a Blazing Saddles and a/k/a Club Blaze, (collectively "Freese") failed to file a timely answer to the complaint in this wrongful death action brought by Lisa Mitchell as the executor of her daughter Fatima Bird and conservator of her two grandchildren ("Mitchell"). The trial court denied Freese's motion to open default and entered judgment as to liability. A jury trial on the issue of damages resulted in a verdict in favor of Mitchell and against Freese in the amount of $1,750,000.

Freese appeals from the judgment on the jury verdict, asserting that the trial court abused its discretion in refusing to open default and that it erred in entering judgment as to liability, denying its motion to compel, excluding the issue of

apportionment from the jury, failing to charge on proximate cause, and imposing sanctions on Freese's counsel. Finding no error in any respect, we affirm.

1. Freese contends that the trial court abused its discretion in denying Freese's motion to open default. We need not consider the details of Freese's failure to answer the complaint in a timely fashion,[1] because Freese failed to pay costs upon moving to open default. Freese argues that the payment of costs is only required when opening default as of right within 15 days under OCGA § 9-11-55 (a), but that argument is foreclosed by our decisions as well as the plain language of OCGA § 9-11-55 (b):

> At any time before final judgment, the court, in its discretion, *upon payment of costs*, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a

---

[1]Freese was served on August 6, 2010. By affidavit, Freese's CFO and secretary stated that she received the summons and complaint on August 8 and attempted to retain counsel, but learned two days later that the attorney had been suspended from the practice of law. She swore that Freese "then retained" present counsel. Significantly, the affidavit does not specify the date on which substitute counsel was retained, but he did not enter an appearance until November 19, 2010, and he did not file a motion to open default until December 30, 2010. As the trial court observed, "Defendant failed to file any responsive pleadings either within the time required by law or for more than three months after the case became in default. *Defendant has offered no excuse or explanation whatsoever for this failure.*" (Emphasis in original.)

2

proper case has been made for the default to be opened. (Emphasis supplied.)

"Payment of costs is a condition precedent for opening default under OCGA § 9-11-55 (b). Merely offering to pay costs, as here, is insufficient. When this statutory requirement is not met, the trial court lacks discretion to open the default." (Citations omitted.) *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 774 (1) (503 SE2d 649) (1998); see also *Campbell v. Moody*, 242 Ga. App. 643, 644-645 (1) (529 SE2d 923) (2000). This enumeration of error is without merit.

2. Freese next contends that the trial court erred in entering judgment against it as to liability even though it was in default, contending that the allegations of the complaint did not establish its liability. It argues that Mitchell's allegation that it is liable under the Dram Shop Act, OCGA § 51-1-40, is a mere conclusion of law and is not admitted by default. It argues further that its failure to file a timely answer does not admit the conclusion of law in the complaint, citing *Stroud v. Elias*, 247 Ga. 191 (275 SE2d 46) (1981).[2]

_____

[2]Freese also argues that punitive damages are not recoverable regardless of its default. But while Mitchell originally sought punitive damages in her complaint, that element of damages was not included in the pretrial order, the jury was not instructed as to punitive damages, and punitive damages were not included in the verdict. Freese's argument on this point therefore is without merit.

3

It is true that

> while a default operates as an admission of the well-pled factual allegations of the complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law. Nor does a default preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover.

(Citations and punctuation omitted.) *Fink v. Dodd*, 286 Ga. App. 363, 365 (1) (649 SE2d 359) (2007). And a defendant is entitled to demonstrate that all the facts as admitted by default fail to state a claim upon which relief may be granted, as in the case cited by Freese. *Stroud*, supra. In *Stroud*, the plaintiff brought a complaint for breach of a lease and sought both actual and punitive damages. Id., 247 Ga. at 191. The defendant failed to appear for trial, the court struck its answer and counterclaim, and the jury returned an award of actual and punitive damages. Id. The defendant appealed, and the Georgia Supreme Court reversed, holding that the facts as alleged in the complaint failed to state a claim that would support an award of punitive damages. Id. at 192 (1). See also *Fink*, supra, 286 Ga. App. at 366 (1) (a) (allegations of complaint showed only that plaintiff was at-will employee; complaint therefore failed to state claim for wrongful termination under Georgia law).

But this is not a case in which the facts as alleged in the complaint demonstrate that it failed to state a claim for relief as a matter of law. Here, Mitchell alleged that an individual, Otis South, drove to Freese's club where he consumed alcohol and became intoxicated, then returned to his car and began driving. Mitchell alleged that South's blood alcohol level was 0.398, and that "[h]e was so drunk that he entered the freeway going the wrong direction," collided head-on with the decedent, and killed her. Mitchell further alleged that the decedent had not been drinking, that she was driving her car properly in the correct direction on the freeway, "that she did nothing wrong, and there was nothing she could do to avoid the collision." With respect to Freese, Mitchell alleged that it served alcohol to South while he was noticeably intoxicated and "knew that when Otis South left the strip club he would soon be driving." Mitchell then alleged: "Pursuant to the Dram Shop Act, Georgia law OCGA § 51-1-40, businesses are prohibited from serving alcohol to someone who is noticeably intoxicated knowing that that person will soon be driving a motor vehicle. Defendant Club Blaze violated the Dram Shop Act and is therefore liable to Plaintiff in an amount to be determined at trial."

The facts as alleged in the complaint, together with the fair inferences and conclusions of fact to be drawn from those allegations, support a claim against Freese

5

under OCGA § 51-1-40, and nothing in the allegations indicates that Mitchell has failed to state a claim upon which relief can be granted. "These factual admissions provide ample evidence to support the conclusion of law reached in [Mitchell's] complaint — that is, that [Freese's conduct] was the proximate cause of [the decedent's] injuries." (Citations and punctuation omitted.) *Aldworth Co. v. England*, 286 Ga. App. 1, 2 (1) (648 SE2d 198) (2007).

Moreover, Freese consented to the entry of the consolidated pretrial order in this action, which was prepared by the parties and adopted by the trial court. That pretrial order states as "issues for determination by the jury": "Club Blaze is in default in this case. Accordingly, the jury should be instructed that Defendant Club Blaze has been found liable to Plaintiff and that the only thing they are to do in this case is to determine the amount of damages, if any." Defendant's "brief and succinct outline of the case and contentions" states, "Because the case is in default, the only issue is damages."[3]

---

[3]In this section of the pretrial order, Freese also attempted, though inartfully, to raise proximate cause as relevant to the issue of damages. But, as we note in Division 5, we have repeatedly held that proximate cause is not an issue when liability has been admitted.

The Civil Practice Act provides that once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. The pretrial order has been likened to a rudder to the ship of litigation, and is intended to limit the claims, contentions, defenses, and evidence that will be submitted to the jury, thereby narrowing the course of the action, and expediting its resolution.

(Citations, punctuation, and footnotes omitted.) *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 318 (1) (486 SE2d 851) (1997). Liability was established by Freese's default in this case. This enumeration of error therefore is without merit.

3. Freese contends the trial court erred in denying its motion to compel. We note initially that "[t]rial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (Citations and punctuation omitted.) *Collins v. Dickman*, 295 Ga. App. 601, 603 (1) (672 SE2d 433) (2008).

Here, counsel for Freese entered an appearance on November 19, 2010 and filed a motion to open default on December 30, 2010. That motion was denied on

February 2, 2011.[4] The case was placed on a trial calendar for May 3, 2011, but Freese did not serve any discovery until May 10, 2011. Mitchell objected to the discovery on May 27, and on June 24, Freese responded to Mitchell's objection. The pretrial calendar was set for July 14, and in the pretrial order, dated July 7, 2011 and adopted by the trial court on July 18, Freese indicated that discovery requests were "still outstanding pending ruling by the Court." However, as the trial court observed, Freese never filed a motion, sought a ruling, or informed the court of a discovery dispute until the morning of the trial. On August 1, the parties were placed on the trial calendar for September 13, 2011. Trial began on that date, and on September 9, the Friday before trial, Freese finally filed a motion to compel. After considering all these facts and circumstances and hearing argument, the trial court denied the motion to compel.

As the trial court and the parties recognized, when no answer is filed because a defendant is in default, the six-month discovery period established by Uniform

[4]Default judgment as to liability had already been entered because Freese filed its motion to open default with the wrong case number, and "the Court did not become aware of Defendant's December 30, 2010 filings until after granting the Application for Default Judgment on January 14, 2011. . . . [H]owever, Defendant's response does not change the Court's decision on the application for Default Judgment."

Superior Court Rule 5 does not apply, and any time limits on discovery are "left to the discretion of the trial court." *Gray v. Whisenaut*, 258 Ga. 242, 243 (368 SE2d 115) (1988). Under the circumstances presented here, including Freese's failure to bring the discovery dispute to the court's attention for over three months, the trial court did not abuse its discretion. See *Leventhal v. Seiter*, 208 Ga. App. 158, 161 (1) (430 SE2d 378) (1993) (denial of motion to compel filed 20 days before trial not abuse of discretion).

4. Freese contends the trial court erred in excluding the issue of apportionment from the jury's consideration. Assuming without deciding that this issue survived default judgment as to liability, Freese failed to comply with the notice requirements of the apportionment statute, OCGA § 51-12-33 (d) (1).[5] It filed no notice and did not

---

[5]OCGA § 51-12-33 (d) provides:

(1) Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault.

(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is

9

raise the issue of apportionment until the first day of trial. Under the plain language of the statute, therefore, apportionment could not be considered. *Ingles Markets v. Kempler*, __ Ga. App. __ (1) (730 SE2d 444, 448-449) (2012).

5. Freese contends the trial court erred in failing to give its requested jury charge on proximate cause. But a judgment as to *liability* forecloses the issue of proximate cause. "The rule is that a defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. *The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.*" (Citations and punctuation omitted; emphasis supplied.) *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985). In *Dilworth v. Boeckler*, 187 Ga. App. 241 (370 SE2d 17) (1988), the trial court granted a directed verdict as to liability, and then refused to give a jury instruction on proximate cause. We affirmed, observing:

> We must agree with appellee that both negligence and causation were necessarily included in the trial court's grant of a directed verdict. It is basic in our law that no liability attaches unless the negligence alleged is the proximate cause of the injury sustained. It is important to note that

---

possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.

10

the directed verdict did not cover just negligence; appellee asked for and was granted a directed verdict on "liability" . . . .

Since the directed verdict included a finding that appellant was negligent and that her negligence caused all the injury alleged by appellee, all that was left for the jury to do was to decide the amount of the damages for which appellant was liable. To accomplish that task, the jury had no need for instructions dealing with causation. We find no error, therefore, in the trial court's refusal to give appellant's requested charges on proximate cause and intervening cause.

(Citation and punctuation omitted.) Id. Here, as we have noted in Division 2, above, the default judgment established Freese's liability, and Freese acknowledged that it had "been found liable to Plaintiff." The trial court therefore did not err in refusing to give an instruction on proximate cause.

6. Freese contends the trial court erred in imposing sanctions for misconduct upon Freese's counsel. But the record demonstrates that the trial court imposed these sanctions against counsel personally, not Freese. "Because [Freese] was not aggrieved by the fee award, [it] lacks standing to challenge it, and we have no jurisdiction to address it on appeal." (Citations and footnote omitted.) *In the Interest of J. R. P.*, 287 Ga. App. 621, 624 (2) (652 SE2d 206) (2007).

7. Finally, we find that Freese's claims on appeal are wholly without merit, and Freese could not have reasonably anticipated reversal by this court on any ground alleged. In addition, Freese has demonstrated from the inception of this litigation tactics calculated to obfuscate, delay, and postpone a resolution of the claims against it, and the trial court has already imposed sanctions against Freese and its principals.[6] In view of this conduct both here and below, we conclude that Freese has appealed purely for the purpose of delaying enforcement of the judgment against it. *Austin v. Austin*, 292 Ga. App. 335-336 (664 SE2d 780) (2008).

We therefore impose frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b), in the amount of $1,250 against appellant and $1,250 against its appellate counsel. Upon return of the remittitur, the trial court is directed to enter a $2,500 judgment in favor of Lisa Mitchell, as Administrator of the Estate of Fatima Bird and as Conservator of her grandchildren Naje Bird and Nadia Winn, in the form of a $1,250 penalty against Freese II, Inc. and a $1,250 penalty against its attorney.

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*

---

[6]We note that Freese, in a separate appeal, is seeking review of the trial court's orders compelling post-judgment discovery and finding Freese and its owner and officers in contempt for failing to comply with its orders and Mitchell's discovery requests. Freese has also failed to post the supersedeas bond ordered by the trial court.