75270. CHRISTOPHER et al. v. STATE OF GEORGIA.
(364 SE2d 905)

BANKE, Presiding Judge.

The appellants are defendants in two separate condemnation actions filed by the state, seeking forfeiture of certain money, firearms, jewelry, and other items previously seized by the state pursuant to the forfeiture provisions of the Controlled Substances Act. See OCGA § 16-13-49. We granted their application for interlocutory appeal of an order entered by the trial court suspending discovery in the two actions, pending the disposition of related criminal indictments against two of the appellants.

The salient facts are not in dispute. After the condemnation petitions were filed by the district attorney, the appellants sought to depose a GBI agent who was serving as custodian of the items in question. This same GBI agent was also involved in the criminal investigation which had resulted in the indictment of two of the appellants, Adams and Christopher, on charges of trafficking in cocaine and possession of marijuana with intent to distribute. In response to the deposition notices, the district attorney sought a protective order based on his stated belief that the appellants intended to examine the agent with regard to matters which were privileged under OCGA § 24-9-27 (d). That Code section provides as follows: "No official persons shall be called on to disclose any state matters of which the policy of the state and the interest of the community require concealment." The trial court thereafter ordered a complete stay of the two forfeiture actions pending disposition of the criminal proceedings. *Held*:

The issue of whether a trial court can indefinitely postpone discovery in a condemnation proceeding conducted pursuant to OCGA § 16-13-49 appears to be one of first impression. This Code section creates a special statutory proceeding, the purpose of which is to achieve a prompt disposition of the seized property; and as such it must be strictly construed and complied with. Accord *Lang v. State*, 168 Ga. App. 693 (310 SE2d 276) (1983); *State v. Britt Caribe, Ltd.*, 154 Ga. App. 476 (268 SE2d 702) (1980). However, the discovery provisions of

the Civil Practice Act must be deemed applicable to such proceedings to the extent that they do not conflict with the procedure set forth in the statute. See OCGA § 9-11-81; *Trust Co. Bank v. Shaw*, 182 Ga. App. 165 (355 SE2d 99) (1987). Cf. *Hill v. State*, 178 Ga. App. 563, 564 (343 SE2d 776) (1986).

The governmental interest in suspending discovery in a civil forfeiture action pending the resolution of related criminal proceedings has long been recognized by the federal courts. See, e.g., *Campbell v. Eastland*, 307 F2d 478 (5th Cir. 1962). In 1984, Congress promulgated 21 USC § 881 (i), authorizing the federal courts, upon motion and for good cause shown, to stay such forfeiture proceedings where a related indictment is pending. Although the Georgia condemnation statute is in other respects similar to the federal statute, it does not contain any provision for such a stay. However, OCGA § 9-11-26 (c) does establish a general statutory basis for the entry of protective orders limiting or curtailing discovery under appropriate circumstances, provided such limitations do not "have the effect of frustrating and preventing legitimate discovery." *Mead Corp. v. Masterack*, 243 Ga. 213, 215 (253 SE2d 164) (1979).

Although the district attorney urged in the court below that the requested discovery would prejudice the criminal prosecutions, he made no attempt to specify how such prejudice might result, nor is it even apparent from the record what type of information was sought by the appellants. It has previously been held that mere "conclusional statements, bereft of facts" will not support the imposition of limitations on civil discovery. *Young v. Jones*, 149 Ga. App. 819, 824 (256 SE2d 58) (1979). Also, stay orders will be reversed when they are found to be immoderate or of indefinite duration. *Landis v. North American Co.*, 299 U. S. 248 (57 SC 163, 81 LE 153) (1936). Based on these authorities, we conclude that the orders appealed from, staying all civil discovery in the condemnation proceedings pending disposition of the related criminal indictments, were not authorized.

We do not intend to imply by this holding that the appellants in the present actions are entitled to any and all information which they may desire or that the state has no valid basis for seeking a protective order. However, the issuance of such an order must be based on something other than a conclusory allegation by the state's attorney to the effect that any and all requested discovery would prejudice the criminal investigation. Moreover, any limitations imposed must, to the extent that they do not pertain to items of information which are absolutely privileged, be of reasonable and definite duration.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 13, 1988.

*Richard E. Thomas*, for appellants.
*John C. Pridgen, District Attorney*, for appellee.