## A00A2267. KENT v. DAVID G. BROWN, P.E., INC.
(545 SE2d 598)

JOHNSON, Presiding Judge.

In this case we are asked to decide whether OCGA § 13-6-11 authorizes a trial court to award attorney fees and expenses of litigation incurred as a result of defending an appeal after a jury verdict has been rendered. We find that it does not. Accordingly, we vacate the jury verdict awarding post-trial attorney fees and expenses of litigation.

---

David G. Brown, P.E., Inc. sued L. B. Kent on an account. A jury awarded damages to Brown, and Kent appealed. The record shows that the jury's award included $400 in litigation expenses and $15,150 in attorney fees based on Kent's stubborn litigiousness. This Court affirmed the jury's award[1] and returned the remittitur on November 22, 1999.

Before the remittitur was returned, Brown filed a motion in this Court asking us to direct the trial court to conduct further hearings to determine whether he was entitled to post-trial attorney fees incurred for services performed by his attorney in defending the appeal. We dismissed the motion because Kent's application for certiorari to the Supreme Court of Georgia was pending and we, therefore, lacked jurisdiction to entertain the motion. We further stated in our order that we would deny the motion if we had jurisdiction to consider it. Brown never asked us to reconsider our decision and never filed a new motion in this Court once the application for certiorari was denied and we regained jurisdiction. In addition, Brown never asked us to recall the remittitur after it was sent to the trial court.

Subsequently, Brown filed a motion in the trial court for post-trial attorney fees, alleging he was entitled to attorney fees arising out of Kent's continued bad faith and stubborn litigiousness in forcing Brown to defend the jury verdict returned in his favor. Kent filed a motion to dismiss on the grounds that (1) the trial court had no jurisdiction because no case was pending and (2) attorney fees under OCGA § 13-6-11 were not available to Brown. The trial court ruled that Brown was entitled to recover the reasonable expenses of litigation incurred as a result of Kent's appeal. The issue was then tried before a jury, and a verdict was rendered for attorney fees in defending the appeal. Kent appeals from the judgment entered on the jury's verdict.

1. Kent contends that the trial court lacked jurisdiction to entertain Brown's motion for post-trial attorney fees. We agree.

OCGA § 13-6-11 reads as follows:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

---

[1] See *Kent v. Brown*, 238 Ga. App. 607 (518 SE2d 737) (1999), overruled in part, *Styles v. State*, 245 Ga. App. 90 (537 SE2d 377) (2000).

The phrase "the jury may allow them" refers to the jury trying the original action, not a separate jury impaneled solely to determine whether an appellant acted in bad faith, was stubbornly litigious, or caused an appellee unnecessary trouble and expense. Moreover, the record in the present action shows that Brown requested and received OCGA § 13-6-11 attorney fees and expenses of litigation due to Kent's stubborn litigiousness in defending the lawsuit.

While we have not found any cases addressing the issue of whether OCGA § 13-6-11 permits an award of attorney fees and expenses of litigation for proceedings before the appellate courts of this state, there are a number of cases addressing the issue in the context of OCGA § 9-15-14 (which allows a party to recover litigation costs and attorney fees for frivolous actions and defenses). In all of these cases, we have held that OCGA § 9-15-14 does not authorize a trial court to award attorney fees and expenses of litigation for proceedings before the appellate courts of this state.[2]

There are two reasons for this rule. First, there is another statute, OCGA § 5-6-6, which provides for the imposition of damages and penalties for conduct before an appellate court.[3] Likewise, Court of Appeals Rule 15 (b) allows this Court to assess penalties for frivolous appeals or to remand the case to the trial court and direct the trial court to hold a hearing to determine the amount of attorney fees to be awarded.[4] Thus, the appellate courts have the ability to deal with stubborn litigiousness and frivolous appeals filed in their courts, and the appellee has an adequate remedy available to him if he believes the appeal is frivolous. Secondly, if trial courts are allowed to assess sanctions against parties for frivolous appeals, an anomalous result might occur in a case in which conduct of a party on appeal would not be sanctioned by the appellate court but would be sanctioned by the trial court upon remand.[5] This same rationale applies to OCGA § 13-6-11.

For all of these reasons, we hold that OCGA § 13-6-11 does not authorize the imposition of attorney fees and expenses of litigation for proceedings before an appellate court of this state. Brown has shown us no authority that would authorize a trial court, once the

---

[2] See *Style Craft Homes v. Chapman*, 226 Ga. App. 634, 635 (487 SE2d 32) (1997) (appellate court is not a "court of record" and cannot award attorney fees or expenses of litigation under OCGA § 9-15-14); *Bankhead v. Moss*, 210 Ga. App. 508, 510 (2) (436 SE2d 723) (1993); *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991), overruled on other grounds, *White v. Fulton County*, 264 Ga. 393, 394 (1) (444 SE2d 734) (1994).

[3] See *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 793 (439 SE2d 482) (1994); *Franco's Pizza*, supra.

[4] *American Assn. of Cab Cos. v. Olukoya*, 233 Ga. App. 731, 738 (505 SE2d 761) (1998).

[5] *Franco's Pizza*, supra.

case has been affirmed and the remittitur sent, to do what the trial court did here in the absence of any direction by this Court. Accordingly, the jury's verdict awarding attorney fees and expenses of litigation against Kent for his appeal to this Court must be set aside. If Brown believed Kent's appeal was frivolous, he should have used either OCGA § 5-6-6 or Court of Appeals Rule 15 (b) to request penalties.

2. Based on our holding in Division 1, we need not address Kent's remaining enumeration of error regarding the trial court's charge to the jury.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 9, 2001 —
RECONSIDERATION DENIED MARCH 6, 2001 — 

*L. B. Kent,* pro se.
*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, Gregory S. Ellington,* for appellee.