S01G0973. DAVID G. BROWN, P. E., INC. v. KENT.

(561 SE2d 89)

HINES, Justice.

We granted certiorari to the Court of Appeals in *Kent v. David G. Brown. P. E., Inc.*, 248 Ga. App. 447 (545 SE2d 598) (2001) (*"Kent II"*), to consider whether OCGA § 13-6-11[1] permits an award of attorney fees and expenses of litigation for proceedings before the appellate courts of this State. We conclude that it does not, and accordingly, affirm the judgment of the Court of Appeals.

David G. Brown, P. E., Inc. successfully sued attorney L. B. Kent on an account in a dispute over expert witness fees. A state court jury awarded Brown $5,200 for his witness fees along with $15,150 in attorney fees and $400 in litigation expenses based upon Kent's bad faith and stubbornly litigious conduct. See OCGA § 13-6-11. Kent appealed and the Court of Appeals affirmed. See *Kent v. Brown*, 238 Ga. App. 607 (518 SE2d 737) (1999) (*"Kent I"*), overruled in part, *Styles v. State*, 245 Ga. App. 90 (537 SE2d 377) (2000).

Citing his award under OCGA § 13-6-11, Brown moved the Court of Appeals to direct the trial court to conduct further proceedings on the issue of awarding "post-trial [attorney] fees incurred for services performed by [Brown's] attorneys on his behalf on the appeal" of the case. The Court of Appeals dismissed the motion because Kent's application for certiorari to this Court was pending. However, in its order, the Court of Appeals stated that it would deny the motion if its jurisdiction was extant. Brown did not ask for reconsideration and did not file another motion in the Court of Appeals after certiorari was denied. Nor did he ask the Court of Appeals to recall the remittitur. Instead, Brown filed a motion in the state court for post-trial attorney fees pursuant to OCGA § 13-6-11. The state court permitted the issue to be tried by a jury, which awarded Brown an additional $17,748.86 for litigation expenses incurred as the result of the appeal of the initial judgment. Kent appealed the judgment for additional

---

[1] OCGA § 13-6-11 provides:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

expenses and the Court of Appeals reversed (*"Kent II"*), finding on an issue of first impression that the award was not authorized under OCGA § 13-6-11.

The plain language of OCGA § 13-6-11 dictates that the award was in error. Here, plaintiff Brown is seeking, in essence, expenses for defending his judgment on appeal. Generally, expenses for defense of a suit are unavailable unless authorized by statute. *Vogtle v. Coleman*, 259 Ga. 115, 117 (3) (376 SE2d 861) (1989). The introductory language of OCGA § 13-6-11 states that "[t]he expenses of litigation generally shall not be allowed as a part of the damages." Consequently, the statute sets forth the very limited circumstances which permit the recovery of such expenses, i.e., "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."[2] The elements which will authorize an award under OCGA § 13-6-11 have consistently been found to relate to the conduct arising from the transaction underlying the cause of action being litigated, not conduct during the course of the litigation itself. See *M & H Constr. Co. v. North Fulton Dev. Corp.*, 238 Ga. App. 713, 714 (1) (519 SE2d 287) (1999); *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 543 (3) (466 SE2d 27) (1995); *Stone v. King*, 196 Ga. App. 251, 253 (3) (396 SE2d 45) (1990). Specifically, the element of bad faith that will support a claim for expenses of litigation under OCGA § 13-6-11, must relate to the acts in the transaction itself prior to the litigation, not to the motive with which a party proceeds in the litigation. *Driggers v. Campbell*, 247 Ga. App. 300, 304 (4) (543 SE2d 787) (2000). And statutory recovery for stubborn litigiousness or causing unnecessary trouble and expense is authorized if there exists no bona fide controversy or dispute regarding liability for the underlying cause of action. Id. Brown sought such statutory recovery in the original action. The first jury considered Kent's conduct giving rise to the litigation, that is, his failure to pay the witness fees in breach of his contract with Brown, and accordingly it made its award under OCGA § 13-6-11. See *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 687 (285 SE2d 58) (1981). Whether there is a viable legal issue on appeal is a separate question. Consequently, what transpired in the appeal of the judgment entered on that award is of no moment for the purpose of OCGA § 13-6-11.

---

[2] Brown cites *Fulton County Tax Commr. v. Gen. Motors Corp.*, 234 Ga. App. 459 (507 SE2d 772) (1998); *American Assn. of Cab Cos. v. Olukoya*, 233 Ga. App. 731 (505 SE2d 761) (1998), and *First Financial Ins. Co. v. Rainey*, 195 Ga. App. 655 (394 SE2d 774) (1990), as instructive on the issue of awarding litigation expenses incurred on appeal. However, *American Assn. of Cab Cos. v. Olukoya* and *First Financial Ins. Co. v. Rainey* dealt with awards under specific statutory provisions relating to insurance, and *Fulton County Tax Commr. v. Gen. Motors Corp.* merely noted that the issue of the award of appellate litigation expenses had never been raised under OCGA § 13-6-11.

That OCGA § 13-6-11 is not an available remedy for actions on appeal is further shown by the fact that there are other provisions, both statutory and by court rule,[3] which allow for the imposition of damages and penalties for conduct before an appellate court. The existence of these mechanisms would raise the possibility of anomalous results if the trial court attempts to impose sanctions against a party for its conduct on appeal. See *Kent II*, supra at 449 (1). The conduct of a party on appeal might be considered by the appellate court as not deserving of sanction, yet the trial court would have the authority on remand to consider sanction for the same conduct. This brings into sharp focus the basic difficulty of asking a trial jury or trial court, sitting as factfinder, to assess the conduct of a proceeding which is foreign to it.[4]

Brown complains that the current provisions for the imposition of damages and penalties for conduct before an appellate court do not give adequate redress. It is true that such provisions may not award a party required to defend a judgment on appeal complete compensation for expenses incurred in an ultimately frivolous appeal. But they are not intended to; they foster the goal of discouraging the filing of appeals which have no chance of success while at the same time not chilling the right to appeal. The purpose of OCGA § 13-6-11, on which Brown relies, likewise is not to ensure that the winning plaintiff is made whole. Our State Constitution gives every person the right to prosecute or defend that person's cause in the courts of this State. 1983 Ga. Const., Art. I, Sec. I, Par. XII. Accordingly, "[a] litigant is not subject to be penalized by the award of damages whenever [the litigant] loses his [or her] case. Otherwise, every [person] would enter the doors of the [courthouse], no matter how honestly or with what probable cause, with the danger of damages hanging over [the person]." *Fender v. Ramsey & Phillips*, 131 Ga. 440, 442 (2) (62 SE 527) (1908).

OCGA § 13-6-11 does not permit an award of attorney fees and litigation expenses for proceedings before the appellate courts.

*Judgment affirmed. All the Justices concur.*

---

[3] The Court of Appeals cited OCGA § 5-6-6 and Court of Appeals Rule 15 (b). *Kent II*, supra at 449 (1). It should also be noted that Supreme Court Rule 6 provides, in pertinent part:

The Court may, with or without a motion, impose a penalty not to exceed $1,000 against any party and/or party's counsel in any civil case in which there is a direct appeal, application for discretionary appeal, application for interlocutory appeal, petition for certiorari, or motion which the Court determines to be frivolous.

[4] OCGA § 9-15-14 likewise does not authorize a trial court to impose attorney fees and expenses of litigation for proceedings before an appellate court. *Bankhead v. Moss*, 210 Ga. App. 508, 510 (2) (436 SE2d 723) (1993).

DECIDED MARCH 11, 2002.

*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, Gregory S. Ellington,* for appellant.
*L. B. Kent,* pro se.