A04A2104. JENNINGS v. McINTOSH COUNTY BOARD OF COMMISSIONERS et al.

(604 SE2d 263)

PHIPPS, Judge.

This is a continuation of *Jennings v. McIntosh County Bd. of Commrs.*[1]

In this case, Teresa Jennings sued McIntosh County and the McIntosh County Board of Commissioners for a writ of mandamus, damages, and attorney fees. After conducting a hearing, the Superior Court of McIntosh County granted in part and denied in part each type of relief sought by Jennings.

In *Jennings*,[2] the Supreme Court of Georgia affirmed the superior court's determination that Jennings was entitled to only part of the damages and mandamus relief she requested. The superior court's attorney fee award was, however, reversed as insufficient. After conducting another hearing on remand, the superior court entered a new fee award. Jennings again appealed to the Supreme Court. The Supreme Court transferred the appeal to this court. Finding no error by the superior court, we affirm.

Jennings was appointed by the Chief Magistrate of McIntosh County to serve as both judge and clerk of the Magistrate Court of McIntosh County. Later, however, the McIntosh County Board of

---

[1] 276 Ga. 842 (583 SE2d 839) (2003).
[2] Supra.

Commissioners placed the position of clerk of the Magistrate Court under the supervision of the clerk of superior court, which resulted in Jennings losing her position as clerk. Also, the Board failed to pay Jennings a salary for her services as magistrate in accordance with state statutory guidelines.

As a result, Jennings filed a petition for writ of mandamus to require the McIntosh County Board of Commissioners to pay her the full compensation required for magistrates under Georgia statutory law and to restore her to the position of clerk. Because the county attorney was representing the Board, Jennings was forced to hire her own attorney to represent her. Therefore, Jennings also sought reimbursement for her attorney fees.

Jennings initially demanded about $83,000 in back pay. Shortly before the hearing on her mandamus petition, she reduced her demand to about $3,000. The superior court awarded Jennings a portion of the back pay and denied her request to be restored to the position of clerk. Ultimately Jennings's attorney fee request totaled $14,230. The court awarded Jennings only $2,500 in attorney fees, reasoning that she had been only partially successful in the overall litigation.

On appeal, the Supreme Court affirmed the superior court's award of back pay to Jennings and its refusal to restore her to the position of clerk.[3] But the Supreme Court reversed the superior court's attorney fee award and remanded the case for reconsideration of that issue.[4] The Supreme Court concluded that Jennings is entitled to "the full amount of reasonable attorney fees," under the rule that

> when an official, acting in his or her official capacity, is required to hire outside counsel to assert a legal position that the local government attorney cannot because of a conflict in representing the local government or will not assert, and the official is successful in asserting his or her position, the local government must pay the official's attorney fees. [Cits.][5]

By footnote, the Supreme Court observed that the only basis given by the superior court for its partial award of attorney fees was that Jennings did not prevail in all of her claims.[6] The Supreme Court noted that the superior court did not rule that Jennings's fees as submitted were unreasonable or address her contention that the

[3] Id. at 843-847 (1)-(4).
[4] Id. at 847-848 (5).
[5] Id. at 847 (5).
[6] Id. at 847, n. 7.

Board had acted in bad faith, was stubbornly litigious, and caused her unnecessary trouble and expense. Consequently, the Supreme Court did not address those issues.

On remand, the superior court conducted a hearing and determined that, although Jennings's attorney's hourly rate was reasonable, counsel had claimed an excessive amount of hours in research and preparation for the mandamus hearing given the issues involved. The court found that $10,000 constituted the full amount of reasonable attorney fees to be awarded Jennings for counsel's representation of her at the mandamus hearing and the hearing on remand. Noting that Jennings had demanded back pay in an amount far greater than that ultimately awarded, the court also rejected Jennings's claim that the Board had acted in bad faith, been stubbornly litigious, or caused her unnecessary trouble and expense.

1. Jennings contends that the superior court erred in reconsidering the reasonableness of the attorney fee amount.

When this case was initially appealed to the Supreme Court, Jennings had requested $14,230 as the fee charged by her attorney for representing her at the trial level. The superior court had awarded $2,500, essentially on the ground that the sum awarded represented the amount of fees which were or would have been incurred in securing the relief ultimately obtained. The Supreme Court reversed, holding that Jennings was entitled to "the full amount of reasonable attorney fees." Because the Supreme Court did not remand this case with an express or implied direction that the superior court award Jennings the $14,230 she had requested in fees,[7] the superior court did not err in holding another hearing to determine the full amount of reasonable attorney fees.

2. Jennings contends that the superior court erred in not finding that McIntosh County acted in bad faith because the county wilfully and knowingly failed to pay her the statutorily mandated salary. Jennings argues that such a finding should entitle her to an award of appellate attorney fees under OCGA § 13-6-11.

In Jennings's earlier appeal, however, the Supreme Court rejected her argument that her attorney fee award should include her attorney fees in bringing the appeal.[8] As authority, the Court cited *David G. Brown, P.E., Inc. v. Kent.*[9] In *Kent*, the Supreme Court held that OCGA § 13-6-11 does not permit an award of attorney fees and

---

[7] Compare *Kirkland v. Southern Discount Co.*, 187 Ga. App. 453 (1) (370 SE2d 640) (1988) (appellate court's reversal of trial court's denial of defendant's motion for summary judgment or motion for directed verdict is tantamount to reversal with direction that motion for summary judgment or directed verdict be granted).

[8] 276 Ga. at 847, n. 8.

[9] 274 Ga. 849 (561 SE2d 89) (2002).

expenses of litigation for proceedings before the appellate courts of this state. Although Jennings argues that this case is distinguishable from *Kent*, we are bound by the Supreme Court's determination to the contrary. Therefore, even a finding that the Board acted in bad faith would not authorize an award of appellate attorney fees under OCGA § 13-6-11.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 1, 2004 —

*Sam P. Hensley, Jr.,* for appellant.
*James R. Coppage,* for appellees.