**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A1229. CALDWELL et al. v. CHURCH.

BARNES, Presiding Judge.

Emil and Joanne Caldwell appeal from the trial court's denial of Virginia Church's motion for judgment notwithstanding the verdict ("JNOV") or in the alternative, motion for new trial. This is the second appearance of this case before this Court. In *Caldwell v. Church*, 341 Ga. App. 852 (802 SE2d 835) (2017), we affirmed the trial court's grant of summary judgment and judgment on the pleadings in favor of Church on her breach of contract, trespass to personal property, and conversion claims against Emil and Joanne Caldwell. While finding liability on the substantive claims, this Court reversed the trial court's grant of judgment on the pleadings on Church's claims for bad faith attorney fees and punitive damages. Id at 859-860 (2) (c) (d).

Following a jury trial on damages, the trial court entered judgment for Church in the amount of $200,000 against Emil Caldwell and $160,675 against Joanne Caldwell for actual damages and attorney fees. The Caldwells filed a motion for JNOV or alternatively, motion for new trial in which they asserted, among other things, that the evidence of actual damages was insufficient as a matter of law, that there were no damages to support the award of attorney fees, and that the damages award was excessive. They also asserted that the trial court erred in refusing to allow the issue of proximate cause to go to the jury, giving a jury charge that was not adjusted to the facts, and refusing to give several requested charges. The Caldwells also filed a separate motion to set aside the award of attorneys fees incurred in the appellate court.

The trial court denied their motions, and the Caldwells appeal. They contend that the trial erred in denying their motion for directed verdict because Church failed to submit sufficient proof of damages, erred in denying their motion to modify the pretrial order to allow the issue of proximate cause to go to the jury, erred in denying their request to charge the jury on proximate cause, abused its discretion in granting Church's motion in limine to excluding certain evidence related to showing the Caldwell's lack of bad faith, erred in denying their motion to set aside the judgment

2

for attorney fees incurred in the appellate court, and abused its discretion in denying their motion to amend the judgment to reflect joint and several liability and a setoff for the unpaid purchase price. Following our review, we affirm the trial court's denial of the Caldwell's JNOV or, alternatively, motion for new trial, but reverse the trial court's order denying the motion to set aside the attorney fees incurred in this Court in the earlier appeal. We further remand the case for proceedings consistent with this appeal.

> When reviewing a trial court's denial of a motion for [JNOV] or new trial, this Court determines if there is any evidence to support the jury's verdict. Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's motions for new trial and [JNOV] will not be disturbed.

(Citations omitted.) *Henry v. Jones*, 237 Ga. App. 385, 385-386 (1) (515 SE2d 199) (1999).

The underlying facts as set forth in *Caldwell* demonstrate

3

that Church and Emil Caldwell entered into a written agreement for Church to purchase from Caldwell all of the assets of a business known as Sugar Daddy's Bar and Grill in McDonough, Georgia. The contract provided for a $100,000 purchase price, set forth a payment schedule, established that the closing date was September 15, 2014, and stated that on that closing date all of the "inventory, equipment, and fixtures to be transferred will be located at [the business address] and will not be removed without the written consent of the Buyer." The contract also included a merger clause entitled "Entire Agreement," which provided:

> This Agreement constitutes the sole and only agreement between Buyer and Seller respecting the Business or the sale and purchase of it. This Agreement correctly sets forth the obligations of Buyer and Seller to each other as of its date. Any additional agreements or representations respecting the Business or its sale to Buyer not expressly set forth in this Agreement are null and void, unless otherwise required by law.

Pursuant to the agreement, Church made payments, and Caldwell transferred the business to her on September 15, 2014. Church operated the bar and grill from that date until January 2015. During that time, she did not have a liquor license in her name but operated the business with the liquor license in Joanne Caldwell's name. On January 10, 2015, the Caldwells went to the bar and grill, ordered the patrons to leave, ejected Church from the premises, and changed the door locks. Thereafter, the Caldwells denied Church access to the business, prohibited her from operating the business, and began operating the business as their own.

4

The Caldwells operated the bar and grill until May 23, 2015, when they closed the business. The Caldwells subsequently removed inventory and equipment from the business premises and placed the items in their private storage facility.

*Caldwell*, 341 Ga. App. at 853-854 (1).

Church then brought the underlying action against Emil Caldwell for breach of contract and fraud, and against the couple for trespass, conversion, attorney fees and punitive damages, and the Caldwells counterclaimed for breach of contract. Id. at 852. The trial court granted Church summary judgment on her breach of contract claim, and entered a judgment on the pleadings on the trespass, conversion, attorney fees, and punitive damages claims. Id. It also dismissed the Caldwell's counterclaim for breach of contract. Id. In the first appeal, the Caldwells challenged those rulings, and we held the following:

> The trial court correctly found that the Caldwells' claim of a breach of the alleged contemporaneous oral agreement was meritless. So he properly granted summary judgment in favor of Church on her breach of contract claim. The trial court also correctly ruled that the pleadings established that Church was entitled to judgment on her trespass and conversion claims. But the trial court erred in entering judgment on the pleadings as to Church's attorney fees and punitive damages claims because those are matters for a trier of fact to decide. The trial court

5

correctly dismissed the counterclaim because it rested on the Caldwells'
meritless breach-of-the-alleged-oral-agreement argument and therefore
failed to state a claim for which relief could be granted.

*Caldwell*, 341 Ga. App. at 852.

Following a subsequent jury trial on damages, the jury returned the unanimous verdict as reflected by the verdict form:

(a) What is the amount, if any, of damages that Virginia Church suffered as a result of Emil Caldwell's conversion? $100,000.00

(b) What is the amount, if any, of damages that Virginia Church suffered as a result of Joanne Caldwell's conversion? $100,000.00

(c) What is the amount, if any, of damages that Virginia Church suffered as a result of Emil Caldwell's trespass? $54,000.00

(d) What is the amount, if any, of damages that Virginia Church suffered as a result of Joanne Caldwell's trespass? $54,000.00

(e) What is the amount, if any, of damages that Virginia Caldwell suffered as a result of Emil Caldwell's breach of contract? $100,000.00

(f) (1) Do you find that Defendant Emil Caldwell has acted in bad faith, been stubbornly litigious, or caused [Church] unnecessary trouble

6

and expense such that [Church] should be allowed to recover her expenses of litigation? <u>Yes</u>

(f) (2) If yes, in what amount? <u>$100,000.00</u>

(g) (1) Do you find that Defendant Joanne Caldwell has acted in bad faith, been stubbornly litigious, or caused [Church] unnecessary trouble and expense such that [Church] should be allowed to recover her expenses of litigation? <u>Yes.</u>

(g) (2) If yes, in what amount? <u>$60,675.00</u>

The trial court's subsequent judgment provided:

(a) Judgment for Plaintiff Virginia Church and against Defendant Emil B. Caldwell for $100,000.00 in actual damages and $100,000.00 in bad faith attorneys' fees for a total of **$200,000.00**; and

(b) Judgment for Plaintiff Virginia Church and against Defendant Joanne Caldwell for $100,000.00 in actual damages and $60,675.00 in bad faith attorneys' fees for a total of **$160,675.00**.

1. The Caldwells contend that Church failed to submit sufficient proof of damages, and thus the trial court erred in denying their motion for directed verdict and JNOV. They maintain that Church only presented as evidence the purchase

agreement, her testimony that she had paid $49,000.00 of the $100,000.00 purchase amount, and testimony that she had spent $59,233.46 in operating expenses.

At the close of Church's case, the Caldwell's moved for a directed verdict, arguing that,

> there has not been any evidence to show the value of the goodwill or any other damages that Ms. Church would have sustained in this case. She states that she paid $49,000 worth of payments to Mr. Caldwell. There has not been any evidence tendered here to show that she has paid that $49,000. So they have not shown their actual damage here with the evidence. And I expect that on the other damages that they were seeking here for the conversion and the trespass.

The trial court denied the motion and instructed that "[i]f the jury doesn't solve the problem and you wish to present the matter again, I'd be happy to reconsider."

"A directed verdict is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict." (Citation and punctuation, and emphasis omitted.) *Lake Park Post v. Farmer*, 264 Ga. App. 299, 299 (1) (590 SE2d 254) (2003). Moreover, "[t]his Court must view all of the evidence and every presumption arising therefrom most favorably toward upholding the jury's verdict. It is well settled that a strong presumption exists in favor of the validity of jury verdicts."(Citation and

8

punctuation omitted.) *Davis v. Johnson*, 280 Ga. App. 318, 321 (634 SE2d 108) (2006).

The measure of damages for conversion of an ownership interest in property is the highest value of the property existing between its conversion and the time of trial. OCGA § 44-12-152 ("For personalty unlawfully detained, the plaintiff may recover a sum in the amount of the highest value which he is able to prove existed between the time of the conversion and the trial.") "The measure of damages in cases of trespass to real property is the difference in the value thereof immediately before and immediately after the same is committed." (Citation and punctuation omitted.) *Sims v. Majors*, 178 Ga. App. 679, 679 (2) (344 SE2d 501) (1986). And, "[i]n a continuing, abatable [trespass] case, the plaintiff is not limited to a recovery of rental value or market value; rather, he may recover any special damages whether the injury is of a temporary or a permanent nature [.]"*Raymar, Inc. v. Peachtree Golf Club*, 161 Ga. App. 336, 337 (2) (c) (287 SE2d 768) (1982). "The measure of damages for breach of contract is the amount which will compensate the injured person for a loss which a fulfillment of the contract would have prevented or the breach of it entailed. That is, the injured person is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been if the contract had been fully

performed." (Citation omitted.) *Accent Walls v. Parker*, 162 Ga. App. 633, 633 (1) (292 SE2d 509) (1982).

Here, Church presented evidence that the parties entered into a purchase agreement for $100,000.00, that she had spent $59,233.46 on expenses related to the renovation and operation of the restaurant, that she made $49,000.00 in payments under the terms of the contract, and that three months after she purchased the restaurant, the Caldwells changed the locks, and begin to operate the business, and deprived her of any access. She also testified that the Caldwells subsequently closed the restaurant and retained all of the restaurant's inventory, fixtures, furniture and equipment.

"Juries … are given wide latitude in determining the amount of damages to be awarded based on the unique facts of each case." *John Thurmond & Assocs., Inc.*, 284 Ga. 469, 668 (1) (668 SE2d 666) (2008)."Before [a] verdict will be set aside on the ground that it is excessive, where there is no direct proof of prejudice or bias, the amount thereof, when considered in connection with all the facts, must shock the moral sense, appear exorbitant, flagrantly outrageous, and extravagant." *Chrysler Group v. Walden*, 339 Ga. App. 733, 749 (8) (792 SE2d 754) (2016).

Here, there was some evidence providing the jury with a basis to determine the amount of Church's damages, and thus the trial court did not err in denying the Caldwell's motion for JNOV and directed verdict. See *Rafferzeder v. Zellner*, 272 Ga. App. 728 (613 SE2d 229) (2005) (questions of value are peculiarly for determination of fact finder where there is any data upon which fact finder may exercise its own knowledge and ideas); *McCannon v. McCannon*, 231 Ga. App. 601 (1) (499 SE2d 684) (1998) ("In evaluating the sufficiency of evidence regarding damages, the ability to estimate damages to a reasonable certainty is all that is required and mere difficulty in fixing the exact amount will not be an obstacle to the award. The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages.") (citation and punctuation omitted).

2. In two related enumerations, the Caldwells contend that the trial court erred in not permitting the issue of proximate cause to go to the jury and in failing to charge the jury on proximate cause.

"[A] judgment as to liability forecloses the issue of proximate cause." (Emphasis omitted.) *Freese II, Inc. v. Mitchell*, 318 Ga. App. 662, 667 (5) (734 SE2d 491) (2012). In *Caldwell*, this Court affirmed the trial court's grant of summary

11

judgment and judgment on the pleadings on the issue of the Caldwells liability for breach of contract, trespass and conversion. 341 Ga. App. at 855(1), 857 (2) (a), 858 (2) (b). There being judgment on the issue of liability as to these claims, the trial court did not err in refusing to allow the issue of proximate cause to go to the jury or refusing to instruct the jury on proximate cause. See *Dilworth v. Boeckler*, 187 Ga. App. 241 (370 SE2d 17) (1988) (where the trial court granted a directed verdict as to liability, and then refused to give a jury instruction on proximate cause, we held: "We must agree with appellee that both negligence and causation were necessarily included in the trial court's grant of a directed verdict. . . . Since the directed verdict included a finding that appellant was negligent and that her negligence caused all the injury alleged by appellee, all that was left for the jury to do was to decide the amount of the damages for which appellant was liable. To accomplish that task, the jury had no need for instructions dealing with causation.") (citations and punctuation omitted). See also *Young v. Faulkner*, 251 Ga. App. 847, 847 (555 SE2d 221) (2001) ("In the first appearance [*Young v. Faulkner*, 217 Ga. App. 321 (457 SE2d 584) (1995)], we affirmed the trial court's grant of partial summary judgment to plaintiffs, determining that they had proved ownership of the land in issue. In the second appearance [*Young v. Faulkner*, 228 Ga. App. 587 (492 SE2d 331) (1997)], we affirmed the trial court's

12

grant of partial summary judgment to the plaintiffs, determining that the trespass was wilful.. . . On remittitur, plaintiffs moved for summary judgment on the only remaining issue, the amount of damages."); *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 127-28, 134 (5) (514 SE2d 884) (1999) (affirming the judgment in a tort action, when liability was established by default judgment and a jury trial was held solely on the issue of damages).[1]

3. The Caldwells next contend that the trial court abused its discretion in excluding evidence of the facts and circumstances showing the Caldwells lack of bad faith. It maintains that the trial court did so by granting Church's motion in limine. However, no such ruling appears in the record. The "failure to invoke a ruling from that court preserves nothing for appellate review." *Brooker v. Brown*, 307 Ga. App. 10, 11 (3) (703 SE2d 692) (2010). Morever, Church's motion in limine specifically stated that liability for bad faith was an issue to be determined at trial.

4. The Caldwells next argue that the trial court lacked subject matter jurisdiction to award attorney fees under OCGA § 13-6-11 incurred in the appellate

---

[1]See also OCGA § 9-11-60 (h),"[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be").

court, and thus the trial court erred in denying their motion to set aside the award of attorney fees incurred in the appellate court. See OCGA § 9-11-60 (d) (1) (judgment may be set aside for lack of jurisdiction over subject matter). They assert that the $160,675 awarded in attorney fees improperly included $43,855 in fees incurred in defending the Caldwells' previous appeal to this Court.

OCGA § 13-6-11 does not authorize the imposition of attorney fees and expenses of litigation for proceedings before an appellate court of this state. *Brown v. Kent*, 274 Ga. 849, 850-851 (561 SE2d 89) (2002), *aff'mg Kent v. Brown*, 248 Ga. App. 447, 449-450 (1) (545 SE2d 598) (2001). "[E]ven a finding that the [Caldwells] acted in bad faith would not authorize an award of appellate attorney fees under OCGA § 13-6-11." *Jennings v. McIntosh County Board of Comm.*, 269 Ga. App. 421, 424 (2) (604 SE2d 263) (2004).

Here, Church sought attorneys fees pursuant to OCGA § 13-6-11 based on the Caldwells bad faith conduct. Church's attorneys sought $185,843.85, as, according to trial testimony, "the cost for both the trial work, the appellate work, and all of the other legal proceedings[.]" The subsequent judgment amount awarded to Church was $160,675, approximately $25,000 less than the billed amount. The billing, however, reflected that $43,855 of the fees were incurred from work related to the former

14

appeal, including preparing the responsive brief, and reviewing the lower court ruling.[2]

Although Church contends that there is no evidence that the reduced fees awarded by the jury actually included expenses related to the appeal, there is no evidence that the aforementioned appeals-related expenses were segregated from the litigation expenses before being presented to the jury. The attorney's testimony and the billing invoices reflected that Church's claim for attorney fees included expenses related to the first appeal.

Accordingly, because any appellate attorney fees sought herein were not subject to recovery in the trial court under OCGA § 13-6-11, we reverse the trial court's denial of the Caldwells' motion to set aside the award of attorney fees incurred in their appeal to this Court and the case is remanded back to the trial court for entry of judgment consistent with this opinion. See *Brown*, 274 Ga. at 850-851; *Kent*, 248 Ga. App. at 449-450 (1).

5. The Caldwells also contend that the judgment should be amended to reflect joint and several liability and an offset for the $51,000.00 unpaid purchase price.

---

[2] One of Church's attorneys testified that the billing reflected the "better part of almost three or four weeks nonstop" to prepare for the first appeal.

As to the Caldwells' contention that the judgment does not reflect that the couple was jointly and severally liable, we do not consider arguments made for the first time on appeal. *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002). See *Extremity Healthcare v. Access To Care America*, 339 Ga. App. 246, 258 (3) (793 SE2d 529) (2016) (the reason we do not consider issues raised for the first time on appeal is because the trial court has not had an opportunity to consider them). This argument was not raised in the Caldwells' motion for JNOV or alternatively, motion for new trial or raised during the hearing on those motions. Accordingly, we do not address this argument.

With regard to their contention that the award should reflect an offset of $51,000.00, which the Caldwells allege represents the unpaid balance of the purchase contract,"the determination of damages rests peculiarly within the province of the jury." (Citation and punctuation omitted.) *Atlanta Oculoplastic Surgery v. Nestlehutt*, 286 Ga. 731, 734 (2) (a) (691 SE2d 218) (2010). "The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case." OCGA § 51-12-12 (a). "[T]he trial court's approval of the verdict creates a presumption of

correctness which is not to be disturbed absent compelling evidence." *Moody v. Dykes*, 269 Ga. 217, 221 (6) (496 SE2d 907) (1998). See *Brown v. Svc. Coach Lines*, 71 Ga. App. 437, 441 (31 SE2d 236) (1944) (we will not ignore the "presumption that the verdict of a jury is based on a fair consideration of all matters presented to it") (citation omitted.)

The Caldwells have not demonstrated that the jury did not consider all of the evidence presented, and that the damages awarded by the jury were so inadequate or excessive as to be inconsistent with the preponderance of the evidence in this case.

*Judgment affirmed in part, reversed in part and remanded with direction. Mercier and Brown, JJ., concur*.